

February 6, 2025

Via CM/ECF

Ms. Maureen W. Gornik
Clerk of the Court
U.S. Court of Appeals for the
 Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

**Re:** *Iowa v. Granholm*, No. 24-1721 (8th Cir.) (oral argument held January 15, 2025)

Dear Ms. Gornik:

    Petitioner American Free Chamber of Commerce writes in response to Respondents' letter dated February 6, 2025. Fed. R. App. P. 28(j). Petitioner writes to clear up a misstatement and make clear that there is no reason for delay.

    First, Respondents assert in their letter that Petitioners challenge a rule that applies "beginning in model year 2027." That is incorrect. The final rule sets petroleum-equivalency factor values beginning in model year 2024. Reply Br. 46. It could not be otherwise, given the Secretary of Energy's obligation to consider "those values each year." 49 U.S.C. § 32904(a)(2)(B).[1]

    Second, Respondents' decision to *consider* "how to proceed" in light of an executive order is irrelevant and should not delay a decision. It is for *this Court* to decide how to proceed in this fully briefed and argued case, and Respondents' decision on "how to proceed" will not affect this dispute.

---

[1] Model year 2024 fuel-economy-compliance calculations are happening this year, and model years 2025–2026 are underway. 49 U.S.C. § 32901(a)(16)(A); EPA, 2023 Automotive Trends Report 9 (Dec. 2023), https://tinyurl.com/53sjtaj4 (describing model year periods).

1

The parties, including, at least, the automotive Respondent-Intervenors here, will remain adverse regardless, and as Respondents never disputed during oral argument, the rule is hurting Petitioners now in myriad ways.

Further, during the prior Trump Administration, the Secretary never reconsidered the rule. Even if the Secretary decides to reconsider now, a new final rule is years away. *See, e.g.*, App.1, 7, Pet.Br.Add.1 (3 years). A new final rule would not alleviate Petitioners' injuries in the meantime, as rules have only "future effect." 5 U.S.C. § 551(4). And regardless, any rule eliminating the inflated value would likely be challenged by the automotive industry, requiring the courts to start all over again from scratch.

Those harmed by agency action are "entitled to judicial review thereof." 5 U.S.C. § 702. The Court should complete its review here without delay.

Respectfully submitted,

*/s/ Michael Buschbacher*
MICHAEL BUSCHBACHER
  *Counsel of Record*
R. TRENT MCCOTTER
JAMES R. CONDE
800 Connecticut Ave. NW,
Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Counsel for the American Free Enterprise Chamber of Commerce*

2